UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. SA CV 20-0258-DOC (ADSx)                               Date: May 28, 2020

Title: PETER STROJNIK SR. V. PRESIDENT HOTEL INVESTMENT

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR BOND AS MOOT [29, 35]**

Before the Court is Defendant President Hotel Investment's Motion to Dismiss ("Motion") (Dkt. 29). The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court **GRANTS** Defendant's Motion.

**I.   Background**

   **A.   Facts**

The following facts are taken from the Second Amended Complaint ("SAC") (Dkt. 28). Plaintiff Peter Strojnik ("Plaintiff") is a person with a disability. SAC ¶ 2. Plaintiff provides a Table that allegedly documents how the barriers complained of relate to "the limitations of major life activities" Plaintiff's disability causes him. *Id.* ¶ 8. However, the table merely lists a description of *a* disability and *a* "relation" to major life activity, but it fails to describe if and how *Plaintiff's* disability actually limits *Plaintiff's* major life activity. *Id.* at 4–6. In other words, the table describes how a condition may limit a major life activity generally. It does not, however, describe how Plaintiff's condition limits Plaintiff's life *specifically*. *Id.* At some points in the complaint, Plaintiff

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-0258-DOC (ADSx)            Date: May 28, 2020
                                                                                  Page 2

generally asserts that an encounter with an inaccessible element "causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such a barrier." *Id*. at 7; *see also id*. at 9–16 (alleging that the barrier "caused Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering this barrier."). Again, such a general description does not describe with specificity *how* Plaintiff's specific disability causes pain or discomfort when encountering the alleged barriers.

       **B.**      **Procedural History**

On February 10, 2020, Plaintiff filed the action in this Court (Dkt. 1). On April 2, 2020, the Court, on its own motion, dismissed state law claims and allowed the claim under the Americans with Disabilities Act ("ADA") to move forward (Dkt. 15). On May 5, 2020, the Court dismissed the action for lack of standing with leave to amend (Dkt. 27). On May 7, 2020, Plaintiff filed a second amended complaint (Dkt. 28). On May 11, 2020, Defendant filed a motion to dismiss. Plaintiff opposed on May 15, 2020 ("Opp'n") (Dkt. 34). Defendant replied on May 22, 2020 (Dkt. 38).

**II.**     **Legal Standard**

       **A.**      **Failure to State a Claim**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Courts are not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, courts may also consider documents "whose contents

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-0258-DOC (ADSx)                                       Date: May 28, 2020
                                                                                                                             Page 3

are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002). Courts may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

### III. Discussion

Defendant argues that Plaintiff lacks standing to sue under the ADA because the complaint merely lists "cursory legal conclusions" that fail to establish (1) the scope of Plaintiff's alleged disability, (2) how any of the alleged "barriers" are barriers to *him* specifically, and (3) that Plaintiff has a bona fide intent to return to the hotel. Mot. at 3–4.

#### A. Plaintiff's Allegations Relating Disability to Alleged Barriers is Insufficient

Defendant argues that the Plaintiff has continuously failed to provide any allegations explaining how the violations outlined in the complaint relate to his alleged disability. Mot. at 8–9. Indeed, he does not claim to use a wheelchair and provides no reasoning regarding how the alleged barriers relate in any way to the challenges *he specifically* faces. *Id*. Plaintiff argues that his newly included Table cures the deficiency this Court noted in its first order dismissing the complaint for lack of standing. *See* Opp'n at 1–3. Specifically, Plaintiff believes that his general description of how his disabilities can generally limit major life activities, and his conclusory allegation that the alleged barriers at the hotel cause him pain, satisfy standing requirements. Plaintiff is incorrect.

In the Ninth Circuit, a plaintiff bringing an ADA claim must allege what barriers were encountered and "how [his or her] disability was affected . . . so as to deny [him or

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-0258-DOC (ADSx)   Date: May 28, 2020
   Page 4

her] the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that [he or she] personally suffered discrimination under the ADA on account of [his or her] disability)." *Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 954 (9th Cir. 2011). A mere list of alleged violations "cannot substitute for the *factual* allegations required in the complaint to satisfy Article III's requirement of an injury-in-fact" when there is no "attempt to relate the alleged violations to [the] disability" at issue. *Id*. at 955.

Here, Plaintiff lists the major life activities that his disabilities may limit, but he does not describe whether those life activities are limited in his specific situation. *See* SAC at Table 1. Next, Plaintiff provides pictures of the alleged barriers along with a generic, conclusory allegation that they cause him pain or failed to allow him to access his needs. Such allegations still to relate his specific disability to the barriers encountered. *See generally* SAC. In sum, Plaintiff has never provided the Defendant, or this Court, with a specific description of his disability, nor has he alleged a link between that disability and the barriers he encounters. Instead, he simply asserts that the alleged barriers cause him pain. This is insufficient to meet standing requirements because a Plaintiff must allege "*how* [his or her] disability was affected . . . so as to deny [him or her] the 'full and equal' access that would satisfy the injury-in-fact requirement." *Chapman*, 631 F.3d at 954 (emphasis added). Plaintiff never alleges with specificity what his disability is, much less *how* it is affected by the alleged barriers. Thus, Plaintiff does not meet the injury-in-fact requirement for standing. Given that Plaintiff has already had an opportunity to cure this deficiency, the Court finds that further amendment would be futile. Therefore, the complaint is **DISMISSED with prejudice.**

### IV.   Disposition

Accordingly, the Court **GRANTS** Defendant's Motion and **DISMISSES** the complaint with prejudice. Defendant's Motion for Bond (Dkt. 35) is **DENIED AS MOOT**.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kd

MINUTES FORM 11
CIVIL-GEN